UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH BUTCHER and TOBI BUTCHER,**

          **Plaintiffs,**

v.                               Case No: 8:21-cv-2774-VMC-DAB

**KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO. LTD. and KNAUF NEW BUILDING SYSTEM (TIANJIN) CO. LTD.,**

          **Defendants.**

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR SUMMARY JUDGMENT ON ISSUES PARTICULAR TO THIS CASE (Doc. 53)
>
> **FILED:** June 13, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

Plaintiffs Kenneth Butcher and Tobi Butcher filed suit against the Knauf Defendants seeking, among other things, damages related to allegedly defective

drywall the Knauf Defendants manufactured and placed into the stream of commerce, which was later installed in thousands of homes; numerous homeowners and home builders sued. Previously, the cases were part of an extended Multidistrict Litigation proceeding ("MDL") which has since been largely resolved, and the individual cases have been transferred to the districts where the drywall was installed.[1]

The Knauf Defendants seek summary judgment on certain of Plaintiffs' individual claims, arguing that Plaintiffs claims are barred based on a lack of evidence of reduced value to support damages. Because Plaintiffs have failed to file any opposition or evidence of personal property damages, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND OF THIS CASE

Plaintiffs Kenneth Butcher and Tobi Butcher allege that their property at 4020 Island Lakes Drive, Winter Haven, Florida contains defective drywall.[2] Doc. 53-3, Supp. Plaintiff Profile Form, at 3. Plaintiffs allege that as a direct and proximate result of the drywall installation, they have suffered damages, including for diminution in value of the property and for loss of use. *Id.* at 6. Plaintiffs moved out of the house in

---

[1] A full background describing the pending drywall litigation in this District is set forth in the Report and Recommendation (being filed herewith) relating to the motion for partial summary judgment that was filed in all of the Middle District of Florida cases.

[2] Plaintiffs contend that Defendants' drywall products containing the ink stamp, "KNAUF-TIANJIN CHINA ASTM C36" and are defective, because the off-gas noxious and corrosive chemicals such as hydrogen sulfide and carbon disulfide.

March of 2015. *See* Doc. 53-1, Depo. of Tobi Butcher, at 25, 47. They intended to move from the house, and put it up for sale, before they discovered the allegedly defective drywall in 2016. *Id.* at 25–26.

Defendants thus argue that they are entitled to summary judgment on Plaintiffs' damages claims for loss of use and diminution in value because they have not supported their claims with any evidence.

## II. STANDARD

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

For issues the movant must prove, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of Melbourne, Fla.*, 515 F. App'x 832, 834 (11th Cir. 2013) (citation omitted). But for issues the non-movant

bears the burden, the movant has two options: (1) point out a lack of evidence to support the nonmoving party's case; or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys.*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

At the summary judgment stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). It may not undertake credibility determinations or weigh the evidence when reviewing the record. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010). What's more, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## III. ANALYSIS

The Knauf Defendants argue they are entitled to summary judgment on Plaintiffs' damages claims for the diminution in value of the property and loss of use because they have not provided any competent evidence to support those claims. Defendants contend:

> [T]he Butchers claim $296,830.00 in damages for loss of use, but they moved from the property in March 2015, and the allegedly defective drywall was discovered in 2016. The Butchers therefore cannot show any loss of use of their property attributable to the allegedly defective drywall. Additionally, Plaintiffs' damages calculation of $296,830.00 is wholly unsubstantiated. This damages amount, according to Tobi Butcher, is based only on a previous judgment she believes "set the standard" for judgments and is not based on "any other facts." The Butchers also attempt to recover $102,942.00 for diminution of value of the property but offer no competent evidence in support. See Ex. 2 at 6. Florida law requires claims for diminution in value to be supported by "competent substantial evidence." *Orkin Exterminating Co. v. DelGuidice*, 790 So. 2d 1158, 1160 (Fla. 5th DCA 2001). The Butchers have offered no such admissible evidence of an amount of damages; instead, the Butchers produced a document from the Polk County tax records. *See* Ex. 3 at 9–14. This document shows that the house was assessed at $106,942 in 2014, but in 2015, it was assessed at $0.00. Id. Tobi Butcher explained the county retroactively reduced the building value to $0 for 2015, even though the alleged defective drywall was discovered in 2016. Ex. 1 at 32:8–19. An appraisal done by an anonymous tax assessor is not only hearsay, but it also lacks the foundation and indicia of reliability necessary for an admissible opinion. It is not the "competent, substantial evidence" required by Florida law.

Doc. 53 at 4-5.

In this case, Defendants contend that Plaintiffs' claims for loss of use, diminished value and other damages is unsupported except for Judge Fallon's ruling as to other properties and a revised tax assessment. These, Defendants argue, are not competent evidence of anything related to the actual value of Plaintiffs' house as regards the effect of defective drywall. Defendants also point out that Plaintiffs vacated the property before discovering the defective drywall and could not therefore had any loss of use damages.

While there may be appropriate responses to these contentions, Plaintiffs have not made them, as they failed to file any response to this motion. The Court will not speculate as to what else the record might show or as to what Plaintiffs' precise contentions may be. There being no filed opposition on this issue,[3] the Court should treat the motion as unopposed and **GRANT** summary judgment as to these damage claims.

## CONCLUSION

In accordance with the foregoing, it is respectfully recommended that the Knauf Defendants' Motion for Summary Judgment on Issues Particular to This Case (Doc. 53) be **GRANTED**.

## NOTICE

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 19, 2022.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* M.D. Fla. L.R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Copies furnished to:
Counsel of Record